```
ROBERT S. AARON (SBN 138903)
TIMOTHY C. WILSON (SBN 173928)
AARON & WILSON, LLP
150 Post Street, Suite 400
San Francisco, California 94108
Telephone:  (415) 438-7800
Facsimile:  (415) 438-7808
rsaaron@aaron-wilson.com
```

**Attorneys for Defendants**
CHINA BOWL, INC. erroneously sued herein as "CHINA BOWL (Owner QUAN HE HAN)" and QUAN HE HAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHU SEN LU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHINA BOWL (Owner, QUAN HE HAN),<br><br>　　　　Defendants. | Case No. C 07 4951 EDL<br><br>**DEFENDANTS CHINA BOWL, INC. AND QUAN HE HAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br>(Fed. R. Civ. P. 12(b)(2)(3) & (6).)<br><br>Date:　January 30, 2008<br>Time:　2:00 p.m.<br>Ctrm:　E<br>The Honorable Elizabeth D. Laporte<br><br>Complaint Filed:　September 25, 2007 |

　　　　Defendants CHINA BOWL, INC. ("CHINA BOWL") and QUAN HE HAN ("HAN") submit this memorandum of points and authorities in support of their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) (personal jurisdiction), 12(b)(3) (venue) and 12(b)(6) (failure to state a claim).

## I.　INTRODUCTION

　　　　CHINA BOWL is a Montana corporation with its principal and <u>only</u> place of business in Missoula, Montana. It is a small Chinese restaurant with significantly less than 20 employees working at its one and <u>only</u> restaurant location in Missoula, Montana. It has <u>never</u> done business in California or had any other contact with the state.

HAN is one of the two sole officers, directors and shareholders of CHINA BOWL, the other being his wife. HAN has never done business in California or had any other contact with the state save a brief vacation many years ago.

Plaintiff SHU SEN LU ("LU") was an employee of CHINA BOWL in the position of Deep Fryer from October 2001 to September 2006. While an employee, he filed an age discrimination claim against CHINA BOWL with the appropriate state agency in Montana. The claim was investigated, rejected, appealed and ultimately dismissed. Seven days after the claim was dismissed, LU claimed injury during the course and scope of his employment with CHINA BOWL. He submitted a claim for workers' compensation and never returned to work. All of LU'S employment records, as well as the administrative records pertinent to his first age discrimination claim are maintained in Montana.

Thereafter, while still in Montana, LU filed essentially the same claim of age discrimination against CHINA BOWL with the Equal Employment Opportunity Commission ("EEOC") in San Francisco. LU ultimately received a Notice of Right to Sue letter after which he filed this action.[1]

CHINA BOWL and HAN now file this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) because the court lacks personal jurisdiction, Rule 12(b)(3) because venue is improper under Title VII, and Rule 12(b)(6) because the Age Discrimination in Employment Act of 1967 ("ADEA") does not apply to an employer with less than 20 employees.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

A. **LU'S Employment At CHINA BOWL**

LU was an employee of CHINA BOWL from October 2001 to September 2006. He held the position of Deep Fryer. All records pertinent to LU'S employment are maintained at CHINA BOWL'S sole location in Missoula, Montana.

///

---

[1] LU filed a second action against CHINA BOWL and HAN in this court on September 26, 2007, the day following the filing of this action. The case is styled Han v. China Bowl, case no. C 07 4979 MMC. Per the electronic docket report, a summons has yet to be issued in this second action.

Motion to Dismiss - MPA

2

**B.   LU'S First Claim Of Age Discrimination**

In November 2005, LU filed a claim of age discrimination against CHINA BOWL with the Department of Labor and Industry in Montana. The investigation concluded that LU'S claim was without merit. LU filed objections with the Montana Human Rights Commission. After considering the objections on September 20, 2006, LU'S objections were overruled and his claim dismissed giving him 90 days within which to file a civil action in district court. All records pertinent to this first claim of age discrimination are maintained by the Department of Labor and Industry and the Montana Human Rights Commission both of which are in Montana.

**C.   LU Returns To Work Following Rejection Of His Claim For Age Discrimination**

On September 27, 2006, one week after his first age discrimination claim was dismissed, LU claimed injury during the course and scope of his employment with CHINA BOWL. He filed a claim for workers' compensation benefits. Thereafter, he never contacted anyone at CHINA BOWL and never returned to work. Thus, CHINA BOWL did not terminate his employment; LU abandoned his employment.

**D.   LU'S Second Claim Of Age Discrimination**

On April 23, 2007, while still residing in Missoula, Montana, LU filed essentially the same claim of age discrimination against CHINA BOWL, this time with the EEOC in San Francisco. The only substantive difference was that LU was now claiming that he had been terminated. The EEOC issued its Notice of Right to Sue letter on July 17, 2007. LU filed his complaint in this court on September 25, 2007.

The complaint sets forth the acts and omissions for which retribution is sought from CHINA BOWL and HAN in paragraphs 4 through 7, inclusive. The complaint alleges claims of age discrimination and retaliation. LU claims harassment and disparate treatment by reason of age, followed by a retaliatory termination for complaining to the appropriate authorities in Montana. All of the foregoing occurred between July 2002 and September 2006, dates which encompass LU'S employment at

CHINA BOWL, i.e., all of the allegedly wrongful conduct occurred during the course and scope of LU'S employment at the CHINA BOWL restaurant in Missoula, Montana.

The complaint was ultimately served by a U.S. Marshall in Missoula, Montana on November 16, 2007.

### E.  CHINA BOWL And HAN Have No Contacts With California

The factual background relevant to CHINA BOWL'S operations is before this court largely through the declaration of HAN, one of the two sole officers, directors and shareholders of CHINA BOWL. HAN has been with CHINA BOWL since its incorporation in 2002. He has firsthand knowledge of CHINA BOWL'S' operations.

CHINA BOWL'S only business is that of a small Chinese restaurant with a single site located at 3445 American Way, Missoula, Montana 59808. It employs approximately 12 part- and full-time employees. CHINA BOWL is a Montana corporation with its principal place of business at its sole restaurant in Missoula, Montana. It was incorporated in or around March 2002. HAN and his wife, both of whom are domiciled outside of California, in Montana, are the sole officers, directors and shareholders of CHINA BOWL.

CHINA BOWL and HAN have never been qualified or attempted to qualify to do business in California. They have no subsidiaries incorporated or qualified to do business in California. CHINA BOWL and HAN have no current employees residing or domiciled in California; nor has either contracted with persons residing in California to act on their behalf with respect to marketing, distributing or servicing any of its goods or services. CHINA BOWL and HAN have no branch offices or comparable facilities in California, and have no telephone listings or mailing addresses in California. CHINA BOWL and HAN have no bank accounts or other tangible personal or real property in California. CHINA BOWL and HAN do not direct any advertising specifically toward California residents, nor do they advertise in any publications that are directed primarily toward California residents. No meetings of CHINA BOWL'S board of directors or shareholders have been in California; and none of its officers or directors have

attended business conferences or similar functions within the state. CHINA BOWL and HAN have never paid to or collected taxes for the State of California with the sole exception of sales tax paid by HAN many years ago while in California on a brief vacation. CHINA BOWL and HAN have no registered agents for service of process in California and have never initiated litigation in the State of California. With the exception of the pending action, CHINA BOWL and HAN have never participated in litigation filed in California. In summation, CHINA BOWL and HAN have no contact of any kind with the State of California, nor have they ever had any contact of any kind with the State of California with the sole exception being the short vacation taken in California by HAN many years ago.

### III.   ARGUMENT

**A.   This Motion To Dismiss Is Timely**

Pursuant to Federal Rule of Civil Procedure 12(b), a defendant may serve and file a motion to dismiss on the grounds of lack of personal jurisdiction, improper venue and failure to state a claim anytime before the answer or other responsive pleading is filed. Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988). CHINA BOWL and HAN were personally served in Missoula, Montana by a federal marshal on November 16, 2007 and the time to plead was 20 days thereafter, i.e., on or before December 6, 2007. Therefore, this motion to dismiss is timely.

**B.   Plaintiff LU Has The Burden Of Proof On Jurisdiction And Venue**

Although CHINA BOWL and HAN are the moving parties, plaintiff LU has the burden of proof on the issue of personal jurisdictional. Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Thus, CHINA BOWL and HAN do not have to prove a lack of personal jurisdiction; rather, LU must prove the existence of personal jurisdiction.

LU also has the burden of proof on the issue of venue. Hope v. Otis Elevator Co., 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005) citing Airola v. King, 505 F.Supp. 30, 31 (D. Ariz. 1980). Thus, CHINA BOWL and HAN do not have to prove venue is

improper; rather, LU must prove venue is proper.

### C. CHINA BOWL And HAN Are Not Subject to Either General or Specific Jurisdiction

Analysis of personal jurisdiction begins with the "long arm" statute in effect in the state in which the action is pending. Aanestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974). In California, the applicable statute is Code of Civil Procedure section 410.10 which authorizes California courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States. Vons Companies, Inc. v. Seabest Foods, Inc., 14 Cal.4th 434, 444 (1996). "A state court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate 'traditional notions of fair play and substantial justice.'" Id, citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); some internal quotations omitted.

A nonresident defendant has a liberty interest in not being subject to the judgments of a forum with which it has established no meaningful minimum contacts. Vons, supra, 14 Cal.4th at 445. As a matter of fairness, such a defendant should not be brought into a jurisdiction as a result of "random, fortuitous, or attenuated contacts." Id. citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); internal quotations omitted. The concept of minimum contacts ensures that states, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns and requires them to observe certain territorial limits on their sovereignty. Id. Such limits are necessary because each state has retained many essential attributes of sovereignty, including the power to try causes in their own courts. Id.

If a nonresident defendant's activities may be described as "extensive or wide-ranging" or "substantial . . . continuous and systematic," general jurisdiction will lie over the defendant, and in such circumstances, it is not necessary that the specific cause of

action alleged be connected with the defendant's business relationship to the forum. Cornelison v. Chaney, 16 Cal.3d 143, 147-148 (1976). If, however, the defendant's activities in the forum are not so pervasive, jurisdiction depends upon the quality and nature of its activity in the forum in relation to the particular cause of action. Id. In such a situation, the cause of action must "arise out of an act done or transaction consummated in the forum," or defendant must perform some other act by which it "purposefully avails" itself of the privilege of conducting activities in the forum. Id. As the relationship of defendant with the state seeking to exercise jurisdiction over it grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which a plaintiff can compel it to appear and defend. Id.

Minimum contact for due process purposes requires more than a "foot-fall" within the state; it requires at the very least an act by the defendant that produces an effect within the state so as to make the exercise of jurisdiction reasonable. Belmont Industries, Inc. v. Superior Court, 31 Cal.App.3d 281, 286 (1973). In deciding whether jurisdiction reasonably may be assumed, a court must analyze the nature and quality of defendant's activities in relation to the state. Id; Fisher Governor Co. v. Superior Court, 53 Cal.2d 222, 225-226 (1959). This work requires consideration of the following: the interest of the state in providing a forum for its resident and in regulating the business involved; the relative availability of evidence and the burden of defense and prosecution in one place rather than another; the ease of access to an alternative forum; the avoidance of multiplicity of suits and conflicting adjudications; and the extent to which the cause of action arose out of the defendant's activities in the forum state. Belmont, supra, 31 Cal.App.3d at 286. In conducting this analysis, courts should bear in mind that it is not the activity of parties other than defendant that gives rise to jurisdiction; it is the purposeful activity of defendant in the forum state that guides the analysis. Id. at 228. As expressed by the US Supreme Court, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984).

Based on the foregoing authorities, the lack of personal jurisdiction over CHINA BOWL and HAN is manifest. They have absolutely no contact with California, let alone the requisite minimum contacts. CHINA BOWL and HAN have never engaged in any behavior or activity by which it can be remotely suggested that they purposefully availed themselves of the privilege of conducting business, or the protection of the legal system in California. CHINA BOWL and HAN have not left so much as a "foot-fall" within the state.

In addition, the California courts still recognize the more traditional basis of personal jurisdiction including: 1) service of process while defendant is physically present in the state (Burnham v. Superior Court, 495 U.S. 604, 629 (1990)); 2) a defendant domiciled in the state at the time the action is commenced (Milliken v. Meyer, 311 U.S. 457, 462-63 (1940)); 3) consent through voluntary appearance (Trans World Airlines, Inc. v. Mattox, 897 F.2d 773, 786 (5th Cir. 1990)); 4) contractual consent (National Equip. Rental, Ltd. V. Szukhent, 375 U.S. 311, 316 (1964)); and 5) consent by designating a local agent for service of process (Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990)).

None of these more traditional grounds for personal jurisdiction exist either. CHINA BOWL and HAN were not physically present in California at the time they were served with process. Neither was domiciled in California on the date the action was commenced; neither was CHINA BOWL'S other officer, director and shareholder, HAN'S wife. CHINA BOWL and HAN have not voluntarily appeared in an action in California and the joining of the Rule 12(b)(3) and 12(b)(6) grounds for dismissal with their motion to dismiss for lack of personal jurisdiction does not constitute a voluntary appearance in this action, or act in any way as a waiver of the personal jurisdiction issue. Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972). CHINA BOWL and HAN have not contractually consented to jurisdiction, or designated a local agent for service of process.

In summation, whether the more traditional grounds of acquiring jurisdiction are considered, or simply the concepts of minimum contacts and purposeful availment, the court does not have the requisite personal jurisdiction over CHINA BOWL and HAN.

**D.    Venue Is Improper**

Pursuant to the jurisdictional allegations in the complaint, jurisdiction is premised upon a federal question, i.e., Title VII of the Civil Rights Act of 1964 for employment discrimination. Title VII has its own specific venue provisions. As stated by the Ninth Circuit in <u>Passantino v. Johnson & Johnson Consumer Products, Inc.</u>, 212 F.3d 493 (Wash. 2000):

> Title VII authorizes suit "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office. 42 U.S.C. § 2000e-5(f)(3); <u>Johnson v. Payless Drug Stores Northwest</u>, 950 F.2d 586 (9th Cir.1991). [FN7] Some courts have noted that "this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances." <u>Richardson v. Alabama State Board of Education</u>, 935 F.2d 1240, 1248 (11th Cir.1991). In fact, the only limitation contemplated by the provision is that it seeks to "limit venue to the judicial district concerned with the alleged discrimination." <u>Stebbins v. State Farm Mutual Auto Ins. Co.</u>, 413 F.2d 1100, 1102 (D.C.Cir.1969); <u>Ford v. Valmac Industries, Inc.</u>, 494 F.2d 330, 332 (10th Cir.1974).

<u>Passantino v. Johnson & Johnson Consumer Products, Inc.</u>, 212 F.3d 493, 504 (Wash. 2000).

These special Title VII venue provisions control over the general venue provisions of 28 U.S.C. section 1391. <u>Johnson v. Payless Drug Stores Northwest, Inc.</u>, 950 F.2d 586, 587-88 (9th Cir. 1991).

Base on the foregoing, venue is only proper in Montana. The unlawful employment practices were all allegedly committed at the CHINA BOWL restaurant in Missoula, Montana. Had plaintiff continued to work, he would have worked at the CHINA BOWL restaurant in Missoula, Montana. All the employment records pertinent to LU'S employment, as well as the records pertinent to his first age discrimination claim are in Montana. Finally, CHINA BOWL and HAN are residents of the State of

Montana, not California. Thus, venue is only proper in a district court in the State of Montana.

### E. ADEA Does Not Apply To CHINA BOWL And HAN Because They Have Never Had 20 Or More Employees

ADEA only applies to employers with 20 or more employees. 29 U.S.C. section 630(b); see Action Alliance of Senior Citizens v. Heckler, 789 F.2d 931, 934 fn. 1. The complaint is identified as an employment discrimination complaint brought under Title VII of the Civil Rights Act of 1964. There is no other claim pled in the complaint. As such, absent a showing that CHINA BOWL and HAN have in excess of 20 employees, the action must be dismissed.

### IV. CONCLUSION

For all the foregoing reasons, CHINA BOWL and HAN respectfully request that their motion to dismiss be granted. There is simply no basis of personal jurisdiction over CHINA BOWL or HAN, venue is improper, and ADEA has no application to an employer with less than 20 employees.

Dated: December 6, 2007

Respectfully submitted,

AARON & WILSON, LLP

By _____
ROBERT S. AARON
**Attorneys for Defendants**
CHINA BOWL, INC. erroneously sued herein as "CHINA BOWL (Owner QUAN HE HAN)" and QUAN HE HAN

## AFFIDAVIT OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I, Ryan J. Sullivan, declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am self-employed in the City and County of San Francisco; my business address is 150 Post Street, Suite 400, San Francisco, California, 94108.

On December 6, 2007, I served the attached and/or enclosed:

**DEFENDANTS CHINA BOWL, INC. AND QUAN HE HAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

on all parties in this action, at the following address(es):

Shusen Lu
180 Peabody Street
San Francisco, CA 94134
Plaintiff In Pro Per

Service was accomplished by causing either an original or a true copy of the above-referenced document(s) to be distributed as follows:

☒ BY MAIL: I caused such document(s) to be placed in a sealed envelope, addressed as indicated above, with prepaid first-class postage thereon, and then placed the envelope(s) for collection and mailing, in accordance with the firm's ordinary business practice. I am readily familiar with the firm's ordinary business practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice correspondence for mailing is deposited with United States Postal Service on the date indicated for service, with prepaid first-class postage thereon.

☐ BY HAND DELIVERY: I caused such documents to be hand delivered to the addresses indicated above.

☐ VIA FACSIMILE: I caused such documents to be transmitted via facsimile to the parties indicated above, at their respective facsimile numbers.

☐ VIA EXPRESS CARRIER: I caused such documents to be collected by an agent for the United States Postal Service, United Parcel Service, Federal Express or other overnight carrier, to be delivered by way of overnight mail to the addresses indicated above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on December 6, 2007, at San Francisco, California.

Ryan J. Sullivan

POS02

1

Proof of Service – C 07 4951 EDL