ROBERT S. AARON (SBN 138903)
TIMOTHY C. WILSON (SBN 173928)
AARON & WILSON, LLP
150 Post Street, Suite 400
San Francisco, California 94108
Telephone:  (415) 438-7800
Facsimile:  (415) 438-7808
rsaaron@aaron-wilson.com

**Attorneys for Defendants**
CHINA BOWL, INC. erroneously sued
herein as "CHINA BOWL (Owner QUAN
HE HAN)" and QUAN HE HAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHU SEN LU,<br><br>           Plaintiff,<br><br>v.<br><br>CHINA BOWL (Owner, QUAN HE HAN),<br><br>           Defendants. | Case No. C 07 4951 EDL<br><br>**DECLARATION OF QUAN HE HAN IN SUPPORT OF MOTION TO DISMISS**<br>(Fed. R. Civ. P. 12(b)(2)(3) and (6).)<br><br>Date:  January 30, 2008<br>Time:  2:00 p.m.<br>Ctrm:  E<br>The Honorable Elizabeth D. Laporte<br><br>Complaint Filed:  September 25, 2007 |

I, QUAN HE HAN, hereby declare as follows:

1. I am the President and Chairperson of the Board of defendant CHINA BOWL, INC. I have personal knowledge or have made diligent inquiry of the matters stated below and, if called as a witness, could and would competently testify thereto.

2. Defendant CHINA BOWL, INC. ("CHINA BOWL") and I were served by a federal marshal in Missoula, Montana with summons and complaint in this matter on November 16, 2007.

3. CHINA BOWL is a Montana corporation with its principal place of business in Missoula, Montana. It was incorporated in or around March 2002. My wife and I are the sole officers, directors and shareholders of CHINA BOWL. We are both

1  domiciled outside of California, in Montana, and have been so domiciled since before
2  the incorporation of CHINA BOWL.

3      4.    CHINA BOWL is a small Chinese restaurant with a single site located at
4  3445 American Way in Missoula, Montana. It employs approximately 12 part-time and
5  full-time employees. At no time during its existence did it ever have any other site or
6  employ more than approximately 12 employees.

7      5.    From October 2001 to September 2006, plaintiff SHU SEN LU ("LU") was
8  a CHINA BOWL employee in the position of Deep Fryer in its Missoula-based
9  restaurant. There was no written contract of employment. All records pertinent to LU'S
10 employment are maintained at CHINA BOWL'S sole location in Missoula, Montana.

11     6.    In November 2005, LU filed a claim of age discrimination against CHINA
12 BOWL with the Department of Labor and Industry in Montana. I cooperated with the
13 investigation that was subsequently conducted. Following the investigation, the
14 Department of Labor and Industry concluded that LU'S claim was without merit. LU
15 filed objections with the Montana Human Rights Commission. After considering the
16 objections on September 20, 2006, LU'S objections were overruled and his claim
17 dismissed giving him 90 days within which to file a civil action in district court. All
18 records pertinent to this first claim of age discrimination against CHINA BOWL are
19 maintained by the Department of Labor and Industry and the Montana Human Rights
20 Commission, both of which are in Montana. Attached hereto as Exhibit "A" are true and
21 correct copies of all that remains in my file of LU'S first claim of age discrimination
22 against CHINA BOWL.

23     7.    On September 27, 2006, one week after his first age discrimination claim
24 was dismissed, LU claimed injury during the course and scope of his employment with
25 CHINA BOWL. He filed a claim for workers' compensation benefits. Thereafter, he
26 never contacted anyone at CHINA BOWL or returned to work. Thus, he was not
27 terminated; he abandoned his job. Had LU not abandoned his job or otherwise
28 voluntarily terminated his position, he would have continued to work at CHINA BOWL's

one location in Missoula, Montana.

8. Neither CHINA BOWL nor I are incorporated in California; nor have we qualified or attempted to qualify to do business in California. We have no subsidiaries incorporated or qualified to do business in California.

9. None of CHINA BOWL's officers or directors reside or are domiciled in California.

10. Neither CHINA BOWL nor I have any current employees residing or domiciled in California; nor have we contracted with persons residing in California to act on our behalf with respect to marketing, distributing or servicing any goods or services.

11. Neither CHINA BOWL, nor I have any branch offices or comparable facilities in California, nor do we have any telephone listings or mailing addresses in California.

12. Neither CHINA BOWL nor I have any bank accounts or other tangible personal or real property in California.

13. Neither CHINA BOWL nor I direct any advertising specifically toward California residents, nor do either of us advertise in any publications that are directed primarily toward California residents.

14. No meetings of CHINA BOWL'S board of directors or shareholders have been in California; and none of its officers or directors has attended business conferences or similar functions within the State of California.

15. Neither CHINA BOWL nor I have ever paid to or collected taxes for the State of California with the sole exception of sales tax paid by me many years ago while in California on a brief vacation.

16. Neither CHINA BOWL nor I have a registered agent for service of process in California.

17. Neither CHINA BOWL nor I have ever initiated litigation in the State of California, and with the exception of the pending action never defended or otherwise participated in litigation filed in California.

18. Neither CHINA BOWL nor I have ever contracted with LU, or anyone else, consenting to personal jurisdiction or venue by this court or any other court in California.

19. Neither CHINA BOWL nor I have ever, and do not now, consent to personal jurisdiction by this court or any other court in California.

20. The acts or omissions for which CHINA BOWL and I are sought to be held liable in this action are described in paragraphs 4 through 7, inclusive, of the complaint. The misconduct alleged occurred outside of California, during the course and scope of LU'S employment at the CHINA BOWL restaurant in Missoula, Montana. More particularly, the complaint alleges claims of age discrimination and retaliation that allegedly occurred while LU was an employee of CHINA BOWL in Missoula, Montana. He claims harassment and disparate treatment by reason of age, followed by a retaliatory termination for complaining to the appropriate authorities in Montana. All of the foregoing occurred between July 2002 and September 2006, dates which encompass LU'S employment at CHINA BOWL. In short, the complaint fails to set forth a single alleged act or omission on the part of CHINA BOWL that occurred outside of Missoula, Montana.

21. In summation, CHINA BOWL, its officers, directors and shareholders, including me, have absolutely no contacts within the State of California; nor have we ever had any contacts within the State of California.

22. It would be unreasonable to require CHINA BOWL or I to defend this action in courts within California for the following reasons: 1) CHINA BOWL and I have never purposefully or otherwise interjected themselves in the State of California; 2) The burden on CHINA BOWL and I to defend in California would be considerable in light of their complete and total absence of any contact within the State of California; 3) LU has already filed, and had dismissed, this very same claim with the Human Rights Commission of the State of Montana – see Exhibit "A"; 4) California has no real interest in adjudicating this claim in that all the alleged wrongful acts and omissions occurred in

1  Missoula, Montana, and all the witnesses and evidence, including LU'S employment
2  records, are in Missoula, Montana save LU; and 5) the United States District Court in
3  Montana would offer LU a forum within which to prosecute his claims of age
4  discrimination and retaliation assuming it was viable.
5      I declare under penalty of perjury under the laws of the States of California and
6  Montana, that the foregoing is true and correct.
7      Executed this 6th day of December, 2007, in Missoula, Montana.

_____
HAN QUAN HE

**EXHIBIT A**

BEFORE THE HUMAN RIGHTS COMMISSION
OF THE STATE OF MONTANA

| | |
|---|---|
| SHUSEN LU, | Case No.: 0061011805 |
| Charging Party, | |
| -v- | ORDER |
| CHINA BOWL, | |
| Respondent. | |

Shusen Lu (Lu) filed a complaint with the Department of Labor and Industry (Department) alleging that the China Bowl discriminated against him based on age. Following an informal investigation, the Department determined that a preponderance of the evidence did not support Lu's allegations of unlawful discrimination and the Department issued a Notice of Dismissal. Lu filed objections with the Montana Human Rights Commission (Commission). The Commission considered the matter on September 20, 2006.

The Commission reviews a decision of the Department to dismiss a complaint using an abuse of discretion standard. *Mont. Code Ann. § 49-2-509(4)(2003); Admin. R. Mont. 24.9.1714(3).* After careful consideration, the Commission concludes the determination of the Department to dismiss the complaint is not an abuse of discretion. The determination on discrimination is supported by a thorough investigation, the findings of fact are sufficiently supported and the conclusions of law are correct.

A party may ask a district court to review a decision of the Commission to affirm the dismissal of a complaint. *Admin. R. Mont. 24.9.1714(7); See also Mont. Code Ann. § 2-4-702.* If a charging party chooses to commence a civil action, charging party has 90 days after the receipt of this order to petition a district court, in the district where the alleged violation occurred, for the appropriate relief. *Mont. Code Ann. § 49-2-509(5)*

*(2003); Admin. R. Mont. 24.9.1714(5).* If a charging party fails to commence a civil action within 90 days, the claim is time barred. *Id.*

IT IS HEREBY ORDERED, that Shusen Lu's objection is **overruled.** The Commission adopts and affirms the determination of the Human Rights Bureau to dismiss the complaint.

DATED this ____ day of September 2006.

                                          Chair Franke Wilmer
                                          Human Rights Commission

## CERTIFICATE OF SERVICE

The undersigned secretary for the Human Rights Commission certifies that a true and correct copy of the foregoing ORDER was mailed to the following by U.S. Mail, postage prepaid, on this _____ day of September 2006.

SHUSEN LU
1123 ROLLINS STREET APARTMENT 7
MISSOULA MT 59801-3764

QUAN HE HAN
CHINA BOWL
3445 AMERICAN WAY
MISSOULA MT 59801

JUDY BOVINGTON
DEPARTMENT OF LABOR AND INDUSTRY
OFFICE OF LEGAL SERVICES
PO BOX 1728
HELENA MT 59624-1728

_____
Montana Human Rights Bureau

BEFORE THE HUMAN RIGHTS COMMISSION

OF THE STATE OF MONTANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SHUSEN LU,<br>    Charging Party, | )<br>)  HRC CASE NO. 0061011805<br>) |
| v. | )<br>)  NOTICE OF CONSIDERATION |
| CHINA BOWL,<br>    Respondent. | )  OF OBJECTION<br>) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO:  Shusen Lu, Charging Party; and China Bowl, Respondent.

On June 2, 2006, the Human Rights Bureau chief issued a notice of dismissal and notice of right to sue in this case, which was served by mail on June 2, 2006. On June 14, 2006, the charging party filed an objection.

The Human Rights Commission will meet to consider the objection after the completion of the briefing schedule below. Notice of the time and place for consideration will be issued to all parties. No appearance by the parties is required. If oral argument is requested <u>with the requesting party's first brief</u>, ten minutes oral argument will be allotted to each side. If oral argument is not requested, the matter will be considered upon the written record of the case pursuant to Rule 24.9.1714, A.R.M., a copy of which is enclosed.

The following briefing schedule applies. Please note that filing is effective on receipt at the Commission office, not on mailing, and that all materials submitted must be served on or mailed to your opponent(s). All submissions must contain or be accompanied by a certificate of service showing proof of the method of service and the date upon which such service was made.

The Commission will not consider late briefs (received after 5:00 p.m. on the dates as set out below) absent a Motion for Extension that shows excusable neglect in the failure to act. *See 24.1704(3), ARM.*

NOTICE OF CONSIDERATION OF OBJECTION - 1

Briefing Schedule (see A.R.M. 24.9.1714)

| | |
|---|---|
| Objection was Received | Wednesday, June 14, 2006 |
| Brief of Objecting Party is due – **Shusen Lu**<br>(5 days from filing date of Objection) | Wednesday, June 21, 2006 |
| Answer Brief is due – **China Bowl**<br>(10 days from mailing of Objecting Brief<br>plus 3 days for mailing) | Monday, July 10, 2006 |
| Reply Brief is due – **Shusen Lu**<br>(10 days from mailing of Answer Brief<br>plus 3 days for mailing) | Thursday, July 27, 2006 |

The Commission currently has meetings scheduled in Helena, Montana for **September 20-21, 2006**.

DATED this 14th day of June, 2006.

_Franke Wilmer_
Franke Wilmer, Chair
Human Rights Commission

NOTICE OF CONSIDERATION OF OBJECTION - 2

CERTIFICATE OF SERVICE

The undersigned employee of the Human Rights Bureau certifies that a true copy of the foregoing NOTICE OF CONSIDERATION OF OBJECTION was served on the following persons by U.S. Mail, postage prepaid, on this 14th day of June, 2006:

SHUSEN LU
1117 ROLLINS APARTMENT # 8
MISSOULA MT 59801

QUAN HE HAN
CHINA BOWL
3445 AMERICAN WAY
MISSOULA MT 59801

Enclosure: Rule 24.9.1714 ARM

*Shawndelle R. Kurka*
Montana Human Rights Bureau

NOTICE OF CONSIDERATION OF OBJECTION - 3

A.R.M.                      HUMAN RIGHTS COMMISSION                      24.9.1714

<u>24.9.1714  OBJECTIONS TO DISMISSAL OF COMPLAINT OR REFUSAL TO DISMISS COMPLINT</u>  (1) A party who is dissatisfied with a department decision to dismiss a complaint or to refuse to dismiss a complaint pursuant to 49-2-509, MCA, may seek commission review of the decision by filing a written objection within 14 days after the decision is served. Briefs are not required. A party who makes an objection and wishes to file a supporting brief must file and serve an original and six copies of the brief within five days of filing the objection. Any opposing party who wishes to file an answer brief must file and serve an original and six copies of the brief within ten days of the service of the initial brief. A party making an objection who wishes to file a reply brief must file and serve an original and six copies of the brief within ten days of service of an answer brief. If a party making an objection does not file a supporting brief, any opposing party may request permission from the commission to file a brief in opposition to the objection.

(2) Briefs on objections to the dismissal of or refusal to dismiss a complaint may not exceed ten pages in length. Each party's brief should provide copies of any specific exhibits from the record, which the party believes are essential for the commission to read. Requests for oral argument must be made in writing at the time of filing the first brief of each party. If the request is contained in a brief, the caption should indicate that oral argument is requested. If a request for oral argument is timely made, ten minutes for each party will be reserved for oral argument during the commission meeting at which the objection will be considered.

(3) The objection will be considered at the next commission meeting after conclusion of the briefing schedule. Consideration of the objection will be based upon the written record unless oral argument is requested by a party and authorized by the commission. The commission may request that the parties present oral argument. The commission will review an objection under an abuse of discretion standard.

(4) If the commission sustains the objections to the dismissal of a complaint, it will reopen the case by remanding it to the department.

(a) If the complaint has not yet been informally investigated, and not more than 90 days (housing cases) or 120 days (non-housing cases) have passed since the date of filing, it will be remanded to the human rights bureau for investigation.

(b) If the complaint has been informally investigated, or if more than 90 days (housing cases) or 120 days (non-housing cases) have passed since the date of filing, it will be remanded to the hearings bureau to give notice of a hearing.

(5) If the commission affirms the dismissal of a complaint or sustains the objections to a refusal of the department to dismiss a complaint, it will notify the parties of its decision in writing within seven days. The charging party will have 90 days after receipt of the commission's order affirming the dismissal of a complaint to petition the district court for appropriate relief.

(6) If the commission affirms the refusal of the department to dismiss a complaint, it will remand the case to the department for further proceedings.

(7) A party may ask the district court to review a decision of the commission to remand a contested case to the department or to affirm or order the dismissal of the complaint.

(8) If the court later finds that it does not have jurisdiction over a contested case in which the complaint was improperly dismissed, then the charging party may apply to the department to reopen the complaint. (History: 49-2-204 and 49-3-106, MCA; <u>IMP</u>, 49-2-204 and 49-2-509, MCA; <u>NEW</u>, 1998 MAR p. 3201, Eff. 12/4/98.)

Lu v. China Bowl, Inc.
USDC Northern District of California Court Case No. C 07 4951 EDL
Our File No. 0543

# AFFIDAVIT OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I, Ryan J. Sullivan, declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am self-employed in the City and County of San Francisco; my business address is 150 Post Street, Suite 400, San Francisco, California, 94108.

On December 6, 2007, I served the attached and/or enclosed:

**DECLARATION OF HAN QUAN HE IN SUPPORT OF MOTION TO DISMISS**

on all parties in this action, at the following address(es):

Shusen Lu
180 Peabody Street
San Francisco, CA 94134
Plaintiff In Pro Per

Service was accomplished by causing either an original or a true copy of the above-referenced document(s) to be distributed as follows:

☒ BY MAIL: I caused such document(s) to be placed in a sealed envelope, addressed as indicated above, with prepaid first-class postage thereon, and then placed the envelope(s) for collection and mailing, in accordance with the firm's ordinary business practice. I am readily familiar with the firm's ordinary business practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice correspondence for mailing is deposited with United States Postal Service on the date indicated for service, with prepaid first-class postage thereon.

☐ BY HAND DELIVERY: I caused such documents to be hand delivered to the addresses indicated above.

☐ VIA FACSIMILE: I caused such documents to be transmitted via facsimile to the parties indicated above, at their respective facsimile numbers.

☐ VIA EXPRESS CARRIER: I caused such documents to be collected by an agent for the United States Postal Service, United Parcel Service, Federal Express or other overnight carrier, to be delivered by way of overnight mail to the addresses indicated above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on December 6, 2007, at San Francisco, California.

_____
Ryan J. Sullivan