UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**SHUSEN LU**

    Plaintiff(s),            No. C-**07-04951** EDL

    v.                                  **ORDER GRANTING MOTION TO DISMISS**

**CHINA BOWL**

    Defendants.
_____/

Plaintiff Shu Sen Lu ("Plaintiff") filed his employment discrimination complaint on September 25, 2007. On November 1, 2007, the Court granted Plaintiff's in forma pauperis application. Plaintiff alleges age discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

Defendants now move to dismiss the complaint for lack of personal jurisdiction, lack of venue, and for failure to state a claim, arguing that the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., only applies to employers with 20 or more employees and does not apply to Defendant China Bowl. Plaintiff did not timely oppose the motion, but filed a pleading entitled "true information" on January 18, 2008, which the Court has considered.

Plaintiff has not demonstrated that grounds for personal jurisdiction exist or that venue is proper in this District. Plaintiff alleges an address for defendants in Missoula, Montana. Defendants submitted evidence that China Bowl is a Montana corporation with its principal place of business in Montana. Quan He Han and his wife are the sole officers, directors, and shareholders of China Bowl, are domiciled in Montana, and have been so domiciled since before the incorporation of China Bowl. Quan He Han Decl. ¶ 3. China Bowl is a small restaurant with a single location in Montana, and employs approximately 12 employees. Plaintiff was employed in the restaurant in Montana. Id. ¶¶ 4-5. In fact,

United States District Court
For the Northern District of California

1  Plaintiff has already filed a claim of age discrimination against China Bowl with the Department of
2  Labor and Industry in Montana, which was dismissed. Id. ¶ 6. In addition, China Bowl does not do
3  business in California, has no officers or directors residing there, has no current employees residing
4  there, has no bank accounts there, does no direct advertising in California, does not pay taxes there, and
5  was served with the complaint in this case in Montana. Id. ¶¶ 8-21.

6      Analysis of personal jurisdiction begins with the "long arm" statute in effect in the state in which
7  the action is pending. Aenestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974). In
8  California, California courts may exercise jurisdiction on any basis not inconsistent with the
9  Constitution of the United States, and thus, a defendant must have such minimum contacts with the state
10  that the assertion of jurisdiction does not violate "traditional notions of fair play and substantial justice."
11  Vons Companies, Inc. v. Seabest Foods, Inc., 14 Cal. 4th 434, 444 (1996) (citing Int'l Shoe Co. v.
12  Washington, 326 U.S. 310, 316 (1945)). Here, Defendants have absolutely no contact with California,
13  let alone the requisite minimum contacts. They have not purposefully availed themselves of the
14  privilege of conducting business, or the protection of the legal system in California. Nor do any of the
15  more traditional grounds for personal jurisdiction exist, as Defendants were not served in California,
16  are not domiciled here, and have not consented to jurisdiction. See Schwarzer, Tashima & Wagstaffe,
17  Federal Civil Procedure Before Trial § 3:39 (2007).

18      Even if the Court had personal jurisdiction, which it does not, venue would be improper. As
19  stated by the Ninth Circuit in Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 504
20  (9th Cir. 2000):

> Title VII authorizes suit "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office. 42 U.S.C. § 2000e-5(f)(3); Johnson v. Payless Drug Stores Northwest, 950 F.2d 586 (9th Cir. 1991). Some courts have noted that "this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances." Richardson v. Alabama State Board of Education, 935 F.2d 1240, 1248 (11th Cir. 1991). In fact, the only limitation contemplated by the provision is that it seeks to "limit venue to the judicial district concerned with the alleged discrimination." Stebbins v. State Farm Mutual Ins., 134 U.S. App. D.C. 193, 413 F.2d 1100, 1102 (D.C. Cir. 1969); Ford v. Valmac Industries, Inc., 494 F.2d 330, 332 (10th Cir. 1974).

Venue, therefore, is only proper in Montana, where the unlawful employment practices were allegedly committed, where the employment records are kept, and where Plaintiff would have continued to work. Because there is no basis for personal jurisdiction, and because venue is improper, the Court need not reach the issue of whether the ADEA applies here.[1]

For the foregoing reasons, it is HEREBY ORDERED that Defendants' motion to dismiss is GRANTED. This dismissal is without prejudice to Plaintiff's refiling his claims in the appropriate venue and jurisdiction. The clerk is instructed to close this case.

IT IS SO ORDERED.

Dated: January 22, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] While a district court that lacks jurisdiction may transfer the case to a district where jurisdiction is proper in the interests of justice, the Court finds that transfer is not warranted here. 28 U.S.C. § 1631. First, Plaintiff has not requested transfer. Second, Plaintiff's claim appears to be very weak. See, e.g., McFarland v. Memorex Corp., 493 F. Supp. 657, 660 (N.D. Cal. 1980). The ADEA only applies to employers with 20 or more employees, and Quan He Han declares that China Bowl never employed more than approximately 12 employees. See 29 U.S.C. § 630(b). While Plaintiff appears to dispute this fact, he offers no evidence in support of his contention. True Information ¶ 4.